## COLUMBIAN MANUFACTURING COMPANY *versus* ALFRED DUTCH *et al.*

In an action on a contract against two defendants, one of them who has been defaulted and is willing to testify, is not a competent witness against the other without his consent.

ASSUMPSIT to recover the value of a quantity of cotton sheetings consigned by the plaintiffs, on November 13, 1829, to Dutch and Matchett, the defendants, to sell, they being commission merchants and partners, doing business under the firm of Dutch & Matchett, at Boston.

On the trial, before *Putnam* J., it appeared that at the time of the consignment the plaintiffs drew two drafts on Dutch & Matchett, payable in four months, amounting together to 500 dollars, which they accepted. The defendants dissolved their copartnership on January 1, 1830, and published notice thereof in two Boston newspapers, one of which was usually received at the counting room of the plaintiffs, in Southbridge. The sign of Dutch & Matchett on their store, was taken down in January, and that of Alfred Dutch & Co. put up in its place. By the terms of the dissolution, as published in the newspapers, Dutch was to settle the concerns of the late firm of Dutch & Matchett. Dutch continued to do business at the store under the name of Alfred Dutch & Co., but on his own account ; and the goods on hand were left in the store precisely as they were before.

On March 16, 1830, the drafts above mentioned became due and were paid by Dutch. On the 26th of March, M. Plympton, the agent of the plaintiffs, who drew the drafts, was at the store of Dutch several times, and two new drafts, amounting together to 500 dollars, payable in four months, were then drawn by him as agent, on Alfred Dutch & Co., which were then accepted by Dutch under that name. The goods at this time remained unsold, and were in the room in which these drafts were drawn, in plain sight, in the original bales. The value of the goods did not much exceed 500 dollars

11 *

Matchett having pleaded that he did not promise with Dutch, and Dutch having been defaulted, the plaintiffs offered Dutch as a witness, to prove that he was the person who negotiated the whole business ; that nothing was done between him and the plaintiffs with an intention that the credit should be changed or a new consignee created ; that the acceptances of March 26th were drawn on Alfred Dutch & Co. as a matter of convenience, in consequence of the dissolution of the copartnership ; that Dutch, in accepting them, did not act for himself, but as the agent of Dutch & Matchett ; and that the sum of 500 dollars was advanced by the plaintiffs pursuant to an agreement at the time of the consignment, by which the plaintiffs were to replace the amounts of the acceptances made in November, in case the goods should not have been sold when they came to maturity. Dutch was willing to testify, but Matchett objected to his competency, and the judge ruled that he was not a competent witness. To this decision the plaintiffs excepted.

It was proved that none of the goods were sold before April 23, 1830, on account of the price at which they were limited by the plaintiffs ; and that between that time and the 23d of July following, when Dutch failed in business, they were nearly all sold. The drafts of March 26th were not paid by Dutch.

The jury were instructed, that the question before them was, whether the goods had been accounted for by Dutch & Matchett as they ought to have been, and that if they had been accounted for, the defendants could not be held to account for them anew ; that it was a question of intent, which was to be inferred from the acts of the parties, from which acts the jury were bound to draw natural inferences. They were directed to consider, whether the acceptances by Dutch as Alfred Dutch & Co., were meant to be an independent loan, or an advance on the goods. On the subject of the agency of Dutch it was stated to them, that it did not appear that he had any authority to charge Matchett by accepting drafts on account of the late firm, nor that it was in pursuance of any such supposed authority that these drafts

were accepted, as no such agency appeared on the acceptances.

The jury found that Matchett never promised; and the plaintiffs moved for a new trial.

*J. Davis* and *Child*, to show that Dutch was a competent witness, cited *Norden* v. *Williamson*, 1 Taunt. 378; *Pedley* v. *Wellesley*, 3 Carr. & Payne, 558; *Ward* v. *Haydon*, 2 Esp. R. 552.

*Washburn*, contrà, cited *Mant* v. *Mainwaring*, 8 Taunt. 139; *Chapman* v. *Graves*, 2 Campb. 333, note; *Vinyard* v. *Brown*, 4 M'Cord, 24; 3 Stark. Ev. 1063; Bul. N. P. 285; *Brown* v. *Brown*, 4 Taunt. 752; 1 Phil. Ev. (1st Amer. edit.) 62; *The State* v. *Penman*, 2 Desaus. 4, 5; *Marquand* v. *Webb*, 16 Johns. R. 89; *Tuttle* v. *Cooper*, 5 Pick. 416.

SHAW C. J. delivered the opinion of the Court. The question contested at the trial was, whether the transactions given in evidence, amounted to a discharge of the joint responsibility of the two defendants as partners, and a new consignment to Dutch alone. And we think it was rightly left to the jury as a question of fact and of the intent of the parties, upon the evidence; and the directions of the Court in point of law, and upon the application and effect of the evidence, appear to us to have been strictly correct.

The most material question calling for the decision of the Court is, whether Dutch, the defendant, who had been defaulted, was rightly rejected when offered as a witness by the plaintiffs.

Without at present discussing the question, whether in any case, or if in any, under what circumstances, a person whose name appears on the record, can be a witness, we are of opinion that this witness was incompetent and was properly rejected, on the ground of having an interest in testifying in favor of the party calling him. Looking merely to the present action, perhaps his apparent interest is the other way, because if he testifies that Matchett is liable with himself, having admitted his own liability by his default, he would enable the plaintiffs to have a joint judgment against the two; whereas, if he testifies that Matchett is not liable, then this

*Columbian Manuf. Co. v. Dutch.*

*Oct. 10th, 1831.*

*Oct. 4th.*

action must fail, even against himself, and he would recover costs ; it being a rule, that if two are sued, and not proved to be jointly liable, the plaintiff can have no judgment against the one defaulted, or against whom a verdict is returned.* *Tuttle* v. *Cooper*, 10 Pick. 281. Therefore, by testifying against the plaintiffs in favor of the defendant, he would defeat the action against himself and so would seem to have an interest against the plaintiffs. But it must be considered, that by defeating this action he lays the foundation for another action against himself, in which he must be solely charged with the whole debt ; whereas, if he testifies against the defendant and in favor of the plaintiffs, he fixes the other defendant as equally liable with himself for the debt ; equally liable for the whole in the first instance, and ultimately liable, *primâ facie*, to contribution. This principle was recognised, and formed the point of the decision in *Brown* v. *Brown*, 4 Taunt. 762, which was recognised and confirmed by *Mant* v. *Mainwaring*, 8 Taunt. 139 ; *S. C.* 2 J. B. Moore, 9. There appearing to be a plain interest in the witness to charge the other defendant with a proportion of the debt, and no apparent interest to counterbalance it, it appears to us that he had a preponderance of interest to testify in favor of the party calling him, and was of course incompetent.

*Judgment on the verdict.*

---

* Altered by *St.* 1834, c. 189.